IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Curran Brent,                                                   Case No. 3:06CV7015

           Petitioner,

v.                                                            ORDER

United States of America,

           Respondent.

This is a post-conviction relief petition under 28 U.S.C. § 2255. The petitioner claims that his 1998 sentence of 240 months, imposed on him, *inter alia*, on the basis of his status as a career offender, is invalid: a) in light of the *Booker* decision; and b) because the predicate state court conviction for his career offender status cannot properly serve that purpose.

Petitioner pleaded guilty to one count of possession with intent to distribute over fourteen kilograms of cocaine in violation of 21 U.S.C. § 841(a). His plea agreement contained a waiver of the right to challenge his sentence on either a direct appeal or a collateral attack except for a) any punishment imposed in excess of a statutory maximum or the terms stated within the plea agreement or b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

Petitioner was deemed a career offender because: 1) he was at least eighteen years old at the time he committed the charged offense; 2) the offense of conviction was a felony that was a controlled substance offense; and 3) he had at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At sentencing, petitioner claimed that a California state conviction arising from an assault could not lawfully be counted in the career offender computation. This court overruled that objection on the basis that, on its face, as set forth in the presentence report, the state conviction was properly included in that computation. The petitioner was informed that an unchallenged state court conviction could properly be considered despite his claim at sentencing that it was invalid.

On direct appeal, the Sixth Circuit affirmed the petitioner's sentence, holding that this court properly relied upon the predicate assault conviction, *inter alia*, because there had been no previous ruling that the conviction was constitutionally invalid. *U.S. v. Brent*, 208 F.3d 215, 2000 WL 282479 (6th Cir. 2000) (unpublished disposition).

In the instant § 2255 petition, petitioner argues that his sentence must be vacated in light of *U.S. v. Booker*, 543 U.S. 220 (2005) and due to the invalidity of his career offender predicate conviction in light of a state court decision post-dating his state court conviction, *People v. Aguilar*, 16 Cal.4th 1023, 945 P.2d 1204, 68 Cal.Rptr.2d 655 (1997).

Petitioner's petition will be dismissed because: 1) he waived his right to challenge his sentence in his plea bargain; 2) *Booker* provides no relief; and 3) his underlying state sentence was properly included in computing his career criminal status and remains valid.

## Discussion

### A. Petitioner Waived his Right to Challenge his Sentence

The petitioner's plea agreement waived his right to challenge his sentence on direct appeal or post-conviction. An "informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." *Watson v. U.S.*, 165 F.3d 486, 489 (6th Cir. 1999). Because "[t]he Sixth Circuit has unequivocally adopted the rule that a criminal defendant can effectively

2

waive the right to collaterally attack his sentence in a plea agreement," *McNeil v. U.S.*, 72 F. Supp. 2d 801, 807 (N.D. Ohio 1999), petitioner's petition shall be dismissed on the basis of his binding and effective waiver.

## 2. *Booker* is Not Applicable

### 1. *Booker* is Not Retroactive

The Supreme Court has not held that its decision in *Booker* is retroactive, and would thus afford relief to defendants whose sentences had become final before that decision was announced. Absent such declaration, petitioner cannot benefit from that decision.

Thus, in *Humphress v. U.S.*, 398 F. 3d 855, 857 (6th Cir. 2005), the Sixth Circuit held, moreover, that, though *Booker* announced a new rule of criminal procedure, the new rule does not apply retroactively in collateral proceedings. *Id.* at 857, 860. Therefore petitioner's *Booker* claim should be dismissed.

Petitioner attempts to meet this problem by claiming that he is entitled to have the instant petition held in abeyance against the day – distant and indeterminate at best – when the Supreme Court might make *Booker* retroactive. Aside from the utter unlikelihood of that event, the case on which he relies to assert his contention that he can preserve his claim, *Dodd v. U.S.*, 125 S.Ct. 2478 (2005), does not stand for the proposition that a prisoner can file a collateral motion and then have it held in abeyance indefinitely pending a future decision which giving retroactive application to a new rule of law. Instead, *Dodd* resolved a conflict in the Courts of Appeals involving an issue, not present here, about the time within which a petitioner must file a second or successive § 2255 petition. The decision in *Dodd* has nothing to do with petitioner's situation, and provides no relief to him.

First, this is a first or initial § 2255 petition: Dodd addressed the issues of filing second or successive § 2255 petitions. Second, the Supreme Court decided *Dodd* six months after *Booker*. The Court, it must be presumed, was fully aware of its decision in *Booker*, and its express statement in that decision that its holding was retroactive only for cases pending on direct review. Had the Court meant for *Dodd* to have the meaning and effect ascribed to it by petitioner, it could and would have said so.

In any event, more than a year has passed since *Booker*. Thus, the one-year deadline in 28 U.S.C. § 2255 ¶ 6(b) for filing "new rule" § 2255 petitions has passed without a pronouncement that *Booker* has retroactive effect. The petitioner is thus not able to satisfy the one year limitations requirement of § 2255 ¶ 6(3).

### 2. Petitioner's State Court Conviction Is Not Within the *Booker* Doctrine

To the extent that petitioner claims that his prior state court conviction had to be proven to have occurred beyond a reasonable doubt, he errs. Enhancements based on a prior conviction are not covered by *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in which the Supreme Court expressly stated, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Thus, the fact of a defendant's prior conviction is excluded from the requirements announced in *Booker* and *Apprendi*.

### C. Petitioner's State Conviction Remains a Valid Basis for Computing his Career Offender Status

Petitioner filed the instant petition contemporaneously with a notice and petition for writ of coram nobis with the Riverside County Court in California. The gist of his California petition is that he is legally and factually innocent of assault with a deadly weapon, in violation of Cal. Penal Code

4

§ 245(a)(1), to which he pleaded guilty. He bases this claim on a state case decided after his state conviction [but before his federal sentencing].

That case held that use of one's bare hands or feet could be deemed use of a deadly weapon within meaning of that assault statute. *People v. Aguilar*, 16 Cal.4th 1023, 945 P.2d 1204, 68 Cal.Rptr.2d 655 (Calif. 1997).

Petitioner appears to hope that this Court will stay the instant petition to enable the California courts to address [and, he also hopes, favorably resolve] his challenge to his conviction for assault with a deadly weapon, whereon [he further hopes], this court would grant relief.

In addition, the petitioner claims his assault conviction was not a felony, because he served a year in a county jail, not more than a year in a penal facility.

### 1. Petitioner's State Conviction is a Felony Under the Federal Sentencing Guidelines

Under the Sentencing Guidelines a "prior felony conviction" is "a prior adult federal or state conviction for an offense punish*able* by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Guideline § 4B1.2 Commentary, Application Note 1 (emphasis added).The Guideline definition controls, not the state definition.

What matters, moreover, is potential, not actual punishment.

The California statute under which petitioner was convicted included, in addition to a one year term in a jail, terms of up to four years in prison. Cal. Penal Code § 245. Thus, the fact that petitioner served a term of one year in jail doesn't matter: he could have been sentenced to a term of up to four years.

5

Deeming petitioner's predicate state court conviction a "felony" for Guideline purposes was, accordingly, proper.

### 2. Petitioner's State Sentence Remains Valid and Properly Applied

Petitioner claims that, in light of *Aguilar*, the predicate state court sentence for committing a crime of violence could not properly be used to conclude that he is a career criminal.

Aside from the government's argument that *Aguilar* is not applicable to petitioner's state court conviction – an issue that I will leave to the state courts – the simple fact remains, as it has since the date of petitioner's sentencing, that that conviction remains deemed valid. Though now under challenge, that does not matter. It has not been vacated or otherwise altered. Until it is, it properly is to be taken into account in determining petitioner's criminal history and status as a career offender. This court cannot and will not vacate, correct or set aside petitioner's federal sentence on the basis of a still-valid state conviction.

### Conclusion

In light of the foregoing, it is

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
