IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Curran Brent,                            Case No. 3:06CV7015
                                                     [3:96CR770]

         Plaintiff

v.                                     ORDER

United States of America,

         Defendant

This is a pro se action under 28 U.S.C. § 2255 in which the petitioner has filed a motion to reconsider a decision denying the petition.

For the reasons that follow, the motion to reconsider shall be granted. On reconsideration in light of the parties' supplemental briefing, dismissal of the petition shall be confirmed.

## Background

The petitioner was indicted on October 2, 1996, in a one-count indictment charging possession with intent to distribute over fourteen pounds of cocaine. He plead guilty pursuant to a plea agreement.

The petitioner's plea agreement included a waiver of his right to challenge his conviction or sentence [provided the sentence did not exceed the statutory maximum] either on direct appeal or in a post-conviction petition.

Nonetheless, after the petitioner was sentenced pursuant to a finding that he was a career offender, he appealed. Finding no error, *inter alia*, in that determination, the Sixth Circuit affirmed. *U.S. v. Brent*, 208 F.3d 215, 2000 WL 282479 (6th Cir.) (Unpublished disposition).

On January 13, 2006, the petitioner filed the instant § 2255 petition, which was denied in an order entered on May 9, 2006. (Doc. 6).

Shortly thereafter, on May 12, 2006, the court received petitioner's motion for leave to file a supplemental reply in support of his petition. The gravamen of the supplement, which subsequently has been filed along with a motion to reconsider the May 9th dismissal, is the holding of a recent decision by the Ninth Circuit. *U.S. v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006).

So that the petitioner's most recent contention can be heard on its merits, the decision of May 9, 2006, shall, on petitioner's motion for reconsideration, be vacated. On reconsideration, the petition will again be denied.

## Discussion

Petitioner's claim is that a California state sentence of 365 days following his conviction for assault with a deadly weapon should have been treated as a misdemeanor, rather than as a felony when, at the time of the petitioner's original sentence, determining whether he was a career offender.

The basis for that contention is that the statue under which the assault charge was brought, Cal. Penal Code § 245(a)(1), is a "wobbler" in California criminal court parlance. Conviction of a "wobbler" offense can result in either a felony-level term of more than a year or a misdemeanor-level term of less than a year – which the petitioner received. *See* Cal. Penal Code § 17(b)(1).

In denying the petitioner's § 2255 petition, I applied the doctrine under § 4B1.1 that, for purposes of determining career offender, I was to look to the maximum potential penalty, rather than the penalty actually imposed. *See U.S. v. Calloway*, 14 Fed.Appx. 389, *389, 2001 WL 857194, **1 (6th Cir.) (Unpublished disposition).

With regard to convictions and sentences under "wobbler" statutes under California law, *Bridgeforth* raises doubts about the validity of that doctrine [i.e., if it can be a felony, it is treated

as such, regardless of sentence]. In that case the defendant, like the petitioner here, had received a 365 day sentence. At the defendant's later sentence following a federal conviction, the sentencing court, as I did at petitioner's sentencing, applied that doctrine.

The court in *Bridgeforth* held that doing so was erroneous and ruled that the defendant's 365 day sentence under a "wobbler" statute should have been treated as a misdemeanor. 441 F.3d at 872.

Were I conducting an original sentencing proceeding in this case, I might well consider myself bound [as petitioner contends I would be] by *Bridgeforth* and sentence the petitioner accordingly.

But this is a § 2255 proceeding involving a 1997 conviction. It does not appear that *Bridgeforth* has retroactive application.

Moreover, and more importantly, the petitioner waived his right to bring this proceeding in his plea agreement. Such waivers are valid and binding. *See, e.g., U.S. v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996) (knowing and voluntary waiver of a right to appeal in a plea agreement is presumptively valid and precludes appellate review).

I see no grounds on which to set aside petitioner's waiver. He does not fault his attorney or challenge the lawyer's competence for failing to anticipate the Ninth Circuit's decision nine years before it was pronounced. I simply see no basis on which, without disregarding the waiver in the petitioner's plea agreement [which he also does not challenge], to grant the instant § 2255 petition.

For the foregoing reasons, and for the reasons previously stated in the order entered May 9, 2006, which are expressly incorporated herein, it is

ORDERED THAT:

1. The petitioner's motion for reconsideration be, and the same hereby is granted; and

2. The order entered May 9, 2006, be, and the same hereby is vacated; and

3. The petitioner's petition under 28 U.S.C. § 2255 be, and the same hereby is denied.

So ordered.

                                                                                         s/James G. Carr  
                                                                                         James G. Carr  
                                                                                         Chief Judge