IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Curran Brent, *pro se*,,                      Case No. 3:96CR770
                                                                                        (3:06CV7015)

       Plaintiff

    v.                                                                       ORDER

United States of America,

       Defendants

This is a criminal case in which the defendant appealed his sentence, despite a waiver in his plea agreement of the right to appeal any sentence within statutory limits. The Sixth Circuit upheld the sentence. Thereafter, the defendant filed a § 2255 motion challenging his sentence. That motion was likewise unsuccessful. Dismissal of the § 2255 petition was upheld on appeal.

Now pending is the defendant's motion under Fed. R. Civ. P. 60(b). He claims he is entitled to reopen the prior judgment and have this court "revisit the issues raised" in his § 2255 petition. He bases his request on a recent Supreme Court decision, *U.S. v. Burgess*, U.S. , 128 S.Ct. 1572 (2008), and a "newly discovered" California appellate court, *People v. Vessell*, 42 Cal. Rptr. 2d 241 (Cal. App. 1995). In addition, the defendant also contends that his attorney at time of his conviction and sentencing failed to provide constitutionally adequate representation because he misinformed the defendant about the likely Guideline range and failed to uncover the decision in *Vessell*.

The government opposes the defendant's Rule 60(b) motion on a variety of grounds. It is not necessary to address all the grounds that the government raises to deny the instant motion.

*First and foremost* the defendant's motion must be overruled because of his waiver of his right to challenge his sentence. Despite that waiver, he has persistently sought to assert various challenges, including challenges newly made in the instant motion, to his sentence.

The defendant's waiver – which he ignores in his motion, as he has in his past challenges to his sentence – is binding and preclusive.

No more need be said. Nonetheless, I will address an additional issue.

As noted, defendant asserts that he received ineffective assistance of counsel at time of sentencing in at least two respects.

He first alleges that his attorney misinformed him about the effect of a prior California conviction and assured him that his Guideline range would be lower than that which was applied as a result of the defendants Career Offender status.

Defendant cannot be heard on this contention now. If there were any merit to that contention, it should have been raised when he first filed this § 2255 petition. *See, e.g., U.S. v. Thompson*, 58 Fed. Appx. 599, 2002 WL 31845136, *2 (6th Cir.) (Unpublished disposition); *see also McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996) (Rule 60(b) motions are the "practical equivalent of a successive habeas corpus petition").

Any challenge to the adequacy of representation at time of sentencing can now only be heard in a separate § 2255 proceeding. Before beginning such proceeding the defendant must obtain permission from the Court of Appeals. *See, e.g., In re Hanserd*, 123 F.3d 922, 924 (6th Cir. 1997).

The defendant also claims that his attorney failed to spot *Vessell*. Even if so, and even if that decision were somehow applicable and helpful to the defendant, he cannot, for the reasons just recited, presently seek on that basis to undercut his waiver of the right to appeal his sentence.

In any event, he cannot now rely on *Vessell* to support the instant motion because he has not shown that that decision was not available to him when he first began this proceeding. It is not the function or role of a Rule 60(b) motion to call a court's attention to cases that could have been part of the original presentation.

To sum up: defendant's plea agreement waived his right to maintain any challenge to his sentence. He got the benefit of that agreement. His recurrent attempts to repudiate the agreement by ignoring that waiver deserve no further consideration, and get none from me.

To the extent that the defendant now, belatedly, is attempting an "end around" that waiver by claiming his lawyer misinformed him about the Guideline range, his assertions cannot be heard in the manner in which he seeks to proclaim them. He must, instead, seek leave to file a successive § 2255 petition.

In light of the foregoing, it is

ORDERED THAT the defendant's motion under Fed. R. Civ. P. 60(b) [Doc. 19] be, and the same hereby is overruled.

An appeal from this decision would not be well-taken or reasonable. No appeal shall, accordingly, be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge